## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE

In re

Case No.  13-32643

RODNEY GERALD CARTER
LINDA DIANA CARTER

        Debtors

        DANIEL BRYANT HALL

            Plaintiff

      v.

Adv. Proc. No.  13-3094

RODNEY GERALD CARTER
and LINDA DIANA CARTER

           Defendants

## MEMORANDUM ON
## DEFENDANT RODNEY GERALD CARTER'S
## MOTION FOR SUMMARY JUDGMENT

**APPEARANCES:**    SCOTT JUSTICE, ESQ.
      Post Office Box 343
      Jefferson City, Tennessee  37760
      Attorney for Plaintiff

      ROBERTSON OVERBEY
       David E. Waite, Esq.
       703 Riverview Tower
       900 South Gay Street
       Knoxville, Tennessee  37902
       Attorneys for Defendants

**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

The Defendant[1] commenced his Chapter 7 bankruptcy case on July 22, 2013. The Plaintiff commenced this adversary proceeding by filing an Objection to Discharge on October 28, 2013, which he subsequently amended on November 7, 2013, by filing a Complaint Objecting to Discharge or to Determine Dischargeability of Debt and to Remove the Automatic Stay as to Daniel Bryant Hall and to Allow the Proceeding Filed in the Sevier County Circuit Court to Proceed to Trial (collectively, Complaint). By his Complaint, the Plaintiff asks the court to "determine that [his] claims based upon the intentional tort of sexual assault and rape . . . are not dischargeable in this matter and relieve Daniel Bryan [sic] Hall from the automatic stay and determine that the case proceed to trial in the Sevier County Circuit Court." Thereafter, on November 8, 2013, the court, *sua sponte*, issued an Order dismissing the Complaint to the extent relief from the automatic stay was sought because stay relief actions are contested matters governed by Rule 9014 of the Federal Rules of Bankruptcy Procedure and directed that this adversary proceeding proceed solely as a complaint to obtain a determination of the dischargeability of a debt under 11 U.S.C. § 523(a)(6) (2006). The Defendant filed Rodney Gerald Carter's Answer to Plaintiff's Complaint (Answer) on December 6, 2013, asserting a number of defenses and denying that the Plaintiff is entitled to a nondischargeable judgment against him.

On March 6, 2014, the court issued an Order finding that it had no jurisdiction over the Plaintiff's claims underlying his nondischargeability action, which is grounded on the personal injury

---

[1] Linda Diana Carter was dismissed as a party Defendant on November 26, 2013. All references throughout this Memorandum to the "Defendant" are to Rodney Gerald Carter.

tort of sexual assault,[2] and directed that the parties appear on March 20, 2014, to show cause why the Plaintiff's claim should not be allowed to proceed to judgment in the state court or, alternatively, why this matter should not be transferred to the district court. Because jurisdiction of the determination of whether any judgment obtained by the Plaintiff is nondischargeable under § 523(a)(6) is vested exclusively in the bankruptcy court, the Defendant asked the court at the March 20, 2014 hearing to consider by way of a summary judgment motion the "intent" element required to be proved by the Plaintiff if he is to sustain his claim under § 523(a)(6).[3] The court agreed and issued an Order at the conclusion of that hearing directing that it would consider the "intent" issue by way of a motion for summary judgment and fixed a date, which was subsequently extended, by which that motion would be filed.

On May 23, 2014, the Defendant filed the Defendant Rodney Gerald Carter's Motion for Summary Judgment (Motion for Summary Judgment), accompanied by the Defendant's Statement of Undisputed Facts (Statement of Undisputed Facts) and a memorandum of law as required by

---

[2] Pursuant to 28 U.S.C. § 157(b)(5) (2006), "[t]he district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending."

[3] If the Plaintiff is to prevail under § 523(a)(6), he must prove the existence of "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury[,]" *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S. Ct. 974, 977, 140 L.Ed.2d 90 (1998), and that the Defendant desired to cause the consequences of his actions or believed with reasonable certainty that those consequences would occur. *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 464 (6th Cir. 1999). "That a reasonable debtor 'should have known' that his conduct risked injury to others is simply insufficient. Instead, the debtor must 'will or desire harm, or believe injury is substantially certain to occur as a result of his behavior.'" *Guthrie v. Kokenge (In re Kokenge)*, 279 B.R. 541, 543 (Bankr. E.D. Tenn. 2002) (quoting *Markowitz*, 190 F.3d at 465 n.10). In other words, under Sixth Circuit authority, "unless the actor desires to cause consequences of his act, or . . . believes that the consequences are substantially certain to result from it, he has not committed a 'willful and malicious injury' as defined under § 523(a)(6)." *Markowitz*, 190 F.3d at 464; *Kokenge*, 279 B.R. at 543 (citations omitted); *Monsanto Co. v. Trantham (In re Trantham)*, 304 B.R. 298, 307 (B.A.P. 6th Cir. 2004) ("[T]he bankruptcy courts in this circuit, in order to find a 'willful' injury under § 523(a)(6) must determine either that (i) the actor desired to cause the consequences of the act or (ii) the actor believed that the given consequences of his act were substantially certain to result from the act.").

3

E.D. Tenn. LBR 7056-1.  Attached to the Motion for Summary Judgment and additionally relied

upon by the Defendant are (A) medical notes from December 27, 2007 office visit; (B) medical notes

from January 28, 2008 office visit; (C) deposition of the Plaintiff taken April 29, 2014; (D) excerpt

with the Plaintiff's testimony during jury trial held on May 5, 2010; (E) Judgment entered on May 7,

2010, in the Criminal Court for Sevier County, Tennessee, reflecting a jury verdict of not guilty of

rape in *State of Tennessee v. Rodney G. Carter*, Case No. 14703-II; (F) Judgment entered on May 7,

2010, in the Criminal Court for Sevier County, Tennessee, reflecting a jury verdict of not guilty of

sexual battery in *State of Tennessee v. Rodney G. Carter*, Case No. 14703-II; (G) Findings of Fact

and Conclusions of Law entered in *Department of Health v. Rodney G. Carter, M.D.*, Docket

No. 17.18-102281A before the Tennessee Board of Medical Examiners; (H) the Defendant's Medical

Curriculum Vitae; (I) Declaration of Bonnie Henderson (Henderson Declaration) dated May 14,

2014; (J) Declaration of the Defendant (Carter Declaration) dated May 16, 2014; (K) Declaration

of Missy Fletcher (Fletcher Declaration) dated May 15, 2014; (L) excerpt from Adolescent Medicine;

(M) excerpt from Adolescent Health Care, A Practical Guide; (N) excerpt from Monographs in

Clinical Pediatrics, Adolescent Medicine; and (O) excerpt from Examination and History Taking.

In his Motion for Summary Judgment, the Defendant argues that there is no disputed material fact,

that he did not possess the requisite intent necessary for the Plaintiff to sustain his § 523(a)(6) claim,

and that the Complaint should be dismissed.

On July 30, 2014, the Plaintiff filed Plaintiff, Daniel Bryant Hall's Response to Defendant,

Rodney Gerald Carter's Motion for Summary Judgment, which is supported by a memorandum of

law, the Plaintiff's Response to Defendant's Statement of Undisputed Facts (Response to

Defendant's Statement of Undisputed Facts), and the Plaintiff's Statement of Undisputed Material

Facts (Plaintiff's Statement of Undisputed Facts). In further support of its Response, the Plaintiff

relies upon (1) Affidavit of Robert Beam, M.D. (Beam Affidavit); (2) excerpt from testimony of the

Plaintiff dated May 5, 2010; and (3) excerpt from testimony of the Plaintiff certified July 11, 2009.

The Plaintiff disputes that the Defendant is entitled to summary judgment, arguing that there is a

dispute as to the material facts asserted by each party, and that although the case should be tried on

its merits by the Sevier County Circuit Court, the bankruptcy court should determine that any

judgment awarded to the Plaintiff by that court should be declared nondischargeable. The

Defendant, on August 5, 2014, filed the Defendant's Reply to Plaintiff's Statement of Undisputed

Facts (Reply to Plaintiff's Undisputed Facts) and the Defendant Rodney Gerald Carter's Objections

to Plaintiff's Exhibits to His Response to Dr. Carter's Motion for Summary Judgment, objecting to

the Beam Affidavit, the Declaration testimony and the Declaration deposition.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary

judgment if the movant shows that there is no genuine dispute as to any material fact and the movant

is entitled to judgment as a matter of law[,]" utilizing the following procedures:

(1) ***Supporting Factual Positions***. A party asserting that a fact cannot be or is
genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions,
documents, electronically stored information, affidavits or declarations,
stipulations (including those made for purposes of the motion only),
admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence
of a genuine dispute, or that an adverse party cannot produce admissible
evidence to support the fact.

(2) ***Objection That a Fact Is Not Supported by Admissible Evidence***. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

(3) ***Materials Not Cited***. The court need consider only the cited materials, but it may consider other materials in the record.

(4) ***Affidavits or Declarations***. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

FED. R. CIV. P. 56(c) (made applicable in adversary proceedings through Rule 7056 of the Federal Rules of Bankruptcy Procedure).  When deciding a motion for summary judgment, the court does not weigh the evidence to determine the truth of the matter asserted but simply determines whether a genuine issue for trial exists, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

As movant, the Defendant bears the burden of proving that, based upon the record presented to the court, there is no genuine dispute concerning any material fact, such that the claims or defenses alleged are factually unsupported, entitling him to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Owens Corning v. Nat'l Union Fire Ins. Co.*, 257 F.3d 484, 491 (6th Cir. 2001).  The burden then shifts to the Plaintiff, the nonmoving party, to prove that there are genuine disputes of material fact for trial, although he may not rely solely upon allegations or denials contained in the pleadings since reliance upon a "mere scintilla of evidence in support of the nonmoving party will not be sufficient."  *Nye v. CSX Transp., Inc.*, 437 F.3d 556, 563 (6th Cir. 2006); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith*

*Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The facts and all resulting inferences are viewed in a light most favorable to the Plaintiff, the nonmovant, and the court must decide whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 243, 106 S. Ct. at 2512. Nevertheless, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587, 106 S. Ct. at 1356 (citations omitted).

As previously stated, the sole issue for determination through this Motion for Summary Judgment is whether the Defendant possessed the intent required for a finding of nondischargeability under § 523(a)(6). The record reflects the following facts which are not in dispute. The Defendant is a family physician practicing in Sevierville, Tennessee, and is familiar with the recognized standard of acceptable medical practice applicable to a family physician practicing in Sevierville and similar communities. DEF.'S STMT. OF UNDISP. FACTS at ¶¶ 1-2, RESP. TO DEF.'S STMT. OF UNDISP. FACTS at ¶¶ 1-2. He was licensed by the State of Tennessee from 1998 through March 20, 2009, and was reinstated to the practice of medicine, which resumed on March 23, 2011. DEF.'S STMT. OF UNDISP. FACTS at ¶ 1; RESP. TO DEF.'S STMT. OF UNDISP. FACTS at ¶ 1. On December 27, 2007, the Plaintiff was examined by the Defendant with symptoms of prostatitis, including dysuria, frequent urination, perineal discomfort, hematuria, and proteinuria. DEF.'S STMT. OF UNDISP. FACTS at ¶ 12, RESP. TO DEF.'S STMT. OF UNDISP. FACTS at ¶ 12. As the basis for his Complaint, the Plaintiff alleges that, when the Plaintiff saw the Defendant for a follow-up medical examination on January 28, 2008, the Defendant raped and sexually abused him during a medical examination.

DEF.'S STMT. OF UNDISP. FACTS at ¶ 3, RESP. TO DEF.'S STMT. OF UNDISP. FACTS at ¶ 3. The Plaintiff

did not report his allegations for several months until he told a nurse in another doctor's office, after

which the Defendant's medical license was subsequently suspended by the Tennessee Department

of Health, and the Defendant was charged by the State of Tennessee. DEF.'S STMT. OF UNDISP.

FACTS at ¶¶ 4-5, 7, RESP. TO DEF.'S STMT. OF UNDISP. FACTS at ¶¶ 4-5, 7. Following a jury trial, the

Defendant was acquitted of the charges, as reflected in Judgments entered in the Sevier County

Criminal Court on May 7, 2010. DEF.'S STMT. OF UNDISP. FACTS at ¶ 6, RESP. TO DEF.'S STMT. OF

UNDISP. FACTS at ¶ 6. The Defendant was also tried in October 2010, and acquitted of all charges

on March 31, 2011, by the Tennessee Board of Medical Examiners, and his medical license was

reinstated. DEF.'S STMT. OF UNDISP. FACTS at ¶ 7, RESP. TO DEF.'S STMT. OF UNDISP. FACTS at ¶ 7.

On January 12, 2010, the Plaintiff filed a civil action entitled *Daniel Bryan [sic] Hall v.*

*Dr. Rodney G. Carter*, Case No. 2010-0014-III, which is currently pending in the Sevier County

Circuit Court. COMPL. at ¶ 3; ANS. at ¶ 3.

It is well-settled that issues concerning credibility and intent are questions of fact that must

be resolved by observing a witness's demeanor and presence on the stand. *See, e.g., Van Daele*

*Bros., Inc. v. Thoms (In re Thoms)*, 505 Fed. Appx. 603, 605 (8th Cir. 2013) ("Whether a debtor

acted willfully and maliciously involves a finding of intent - a question of fact."); *Schoenbaum v.*

*Firstbrook*, 405 F.2d 215, 218 (2d Cir. 1968) (finding that summary judgment is not appropriate

when there are "issues as to the knowledge, intent and motive which will require a full trial with an

opportunity to observe the demeanor of the witnesses, and to conduct cross-examination in open

court."); *Nev. Prop. 1 LLC v. D'Amico (In re D'Amico),* 509 B.R. 550, 557 (S.D. Tex. 2014) ("The

8

debtor's subjective motive to cause harm, however, is a question of fact[.]"); *Ross v. Cecil Cnty.
Dep't of Social Servs.*, 878 F. Supp. 2d 606, 621 n.26 (D. Md. 2012) ("Resolutions of questions of
intent often depends upon the credibility of the witnesses, which can best be determined by the trier
of facts after observation of the demeanor of the witnesses during direct and cross examination.  It
is impossible to weigh the credibility of witnesses based on their affidavits and the Court at summary
judgment does not have . . . the benefit of cross examination to evaluate biases and to establish the
ability of witnesses to observe what occurred.") (internal citations, quotation marks, and brackets
omitted).  Accordingly, having reviewed the record, including the pleadings, Motion for Summary
Judgment, Response to Motion for Summary Judgment, the Defendant's Statement of Material Facts,
the Response to Defendant's Statement of Material Facts, the Plaintiff's Statement of Undisputed
Facts, and the Reply to Plaintiff's Statement of Undisputed Facts, the court finds that there are
genuine disputes over material facts that must be determined at trial by the Sevier County Circuit
Court, including whether an assault occurred, before any determination may be made by the
bankruptcy court concerning the Defendant's intent and dischargeability under § 523(a)(6).
Therefore, the Defendant's Motion for Summary Judgment shall be denied, and this adversary
proceeding shall be held in abeyance pending the outcome of the trial in Case No. 2010-0014-III
before the Sevier County Circuit Court.  The court will modify the automatic stay provisions of
11 U.S.C. § 362(a) (2006) to allow the parties to proceed with the trial in the Sevier County Circuit
Court.  Additionally, because the court has determined that there are material facts in dispute and
has not considered any of the documents outside the Defendant's Statement of Material Facts, the
Response to Defendant's Statement of Material Facts, the Plaintiff's Statement of Undisputed Facts,
and the Reply to Plaintiff's Statement of Undisputed Facts, the Defendant Rodney Gerald Carter's

9

Objections to Plaintiff's Exhibits to His Response to Dr. Carter's Motion for Summary Judgment filed by the Defendant on August 5, 2014, is moot.

An Order consistent with this Memorandum will be entered.

FILED:  August 21, 2014

BY THE COURT

*/s/  RICHARD STAIR, JR.*

RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE